IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. SCHOPPE-RICO,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT A. HOREL, et al.,<br><br>    Defendants.               / | NO. C 11-1089 WHA (PR)<br><br>**ORDER DISMISSING CASE WITH LEAVE TO AMEND; DENYING APPOINTMENT OF COUNSEL** |

## INTRODUCTION

Plaintiff, an inmate at California State Prison – Corcoran, in Corcoran, California, filed this pro se civil rights action pursuant to 42 U.S.C. 1983. He has been granted leave to proceed in forma pauperis in a separate order.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff claims that defendants acted with deliberate indifference to his safety, that they staged "gladiator-like" scenarios in which they ordered inmates to fight each other, joked about the potential for prison riots on racially integrated yards, failed to intervene in inmate fights, housed plaintiff in cruel conditions after riots broke out, and failed to provide him adequate medical care for his hand injuries. Plaintiff names sixteen different individual defendants, and includes an additional six "Doe" defendants.

There are numerous deficiencies in the complaint. He has not identified where or when any of defendants' alleged actions took place or where any of the defendants are located. He has also failed to describe how any of the 24 different individual defendants participated in or caused a violation of his rights. Liability may be imposed on an individual defendant under Section 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v.*

1  *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff simply alleges in conclusory fashion
2  that "each defendant participated in these violations," but he alleges no conduct by the
3  defendants, let alone any conduct that proximately caused a violation of plaintiff's civil rights.

4  Consequently, the complaint fails to state a cognizable claim for relief. The case will be
5  dismissed, but plaintiff will be granted leave to file an amended complaint that cures these
6  deficiencies.

## CONCLUSION

8  1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty
9  days from the date of this order. The amended complaint must include the caption and civil
10 case number used in this order (No. C 11-1084 WHA (PR)) and the words AMENDED
11 COMPLAINT on the first page. Because an amended complaint completely replaces the
12 original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v.*
13 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the
14 original complaint by reference. Failure to amend within the designated time and in accordance
15 with this order will result in the dismissal of this action.

16 2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
17 informed of any change of address by filing with the clerk a separate paper headed "Notice of
18 Change of Address." Papers intended to be filed in this case should be addressed to the clerk
19 and not to the undersigned. Petitioner also must comply with the Court's orders in a timely
20 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
21 pursuant to Federal Rule of Civil Procedure 41(b).

22 3. The motion for appointment of counsel (docket number 3) is **Denied** as there is no
23 have authority to "appoint" counsel in a civil rights case. Should the circumstances of this case
24 warrant at a later date, the case will be referred *sua sponte* for location of pro bono counsel.

**IT IS SO ORDERED.**

Dated: March __24__, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\SCHOPPERICO1089.LTA.wpd

3