IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. SCHOPPE-RICO, | NO. C 11-1089 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| ROBERT A. HOREL, et al., | |
| Defendants. / | |

## INTRODUCTION

Plaintiff, an California prisoner, filed a pro se civil rights complaint under 42 U.S.C. 1983 against employees of the California Department of Corrections and Rehabilitation based on alleged violations of his constitutional rights when he was housed at Pelican Bay State Prison. Plaintiff filed an amended complaint on May 2, 2011, and he then filed a second amended complaint on June 27, 2011. The second amended complaint supercedes the prior complaints and is now the operative complaint in this action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Based upon a review of the second amended complaint pursuant to 28 U.S.C. 1915A, it is dismissed with leave to amend.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

The original complaint was dismissed because it failed to allege where or when any of the 16 named defendants' alleged actions took place, where they are located, or how any of them participated in or caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff simply alleged in conclusory fashion that "each defendant participated in these violations," but he alleged no specific actions by any individual defendant, let alone any actions that proximately caused a violation of plaintiff's civil rights. The complaint was dismissed with leave to amend to cure these deficiencies.

While the second amended complaint attempts to allege how the different defendants violated his constitutional rights, it also has expanded the number and scope of claims, as well

2

as the number of defendants, so that it contains a substantial number of improperly joined claims. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). The rules are somewhat different when, as here, there are multiple parties. Multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." *Id.* at 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Ibid.*

    The original complaint claimed that 16 different individual defendants acted with deliberate indifference to his safety, that they staged "gladiator-like" scenarios in which they ordered inmates to fight each other, joked about the potential for prison riots on racially integrated yards, failed to intervene in inmate fights, housed plaintiff in cruel conditions after riots broke out, and failed to provide him adequate medical care for his hand injuries. The second amended is greatly expanded in both the number and scope of claims. There are a total of 21 causes of actions against 24 named defendants and additional unnamed defendants. In addition to the claims of deliberate indifference to safety, abuse, harassment and inadequate medical claims set forth in the original complaint, plaintiff has added claims of retaliation, interfering with his rights to provide legal assistance to other inmates, freedom of association, endangering him by requiring him to become an informant, placing him in administrative segregation without due process, depriving him of sufficient outdoor exercise, conspiracy, inadequate living conditions, racial discrimination, access to courts, and disciplining him without due process. Plaintiff alleges that the majority of these violations of his rights were carried out by different defendants on different occasions, and they clearly do not all arise out of the same transaction, occurrence or series of occurrences, nor do they involve a common question of law or fact.

"A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Ibid.* The instant complaint is a prime example of such a "buckshot" complaint in which plaintiff sues about a variety of disparate matters that he found objectionable over the course of his stay at Pelican Bay. Accordingly, the defendants and claims in the complaint are improperly joined.

Although a court may strike individual claims that are not properly joined, it cannot be determined here which of the many claims plaintiff may wish to keep and which he wants to omit. *See* Fed. R. Civ. P. 21. Thus, instead of dismissing certain claims and defendants, the second amended complaint is now dismissed with leave to file a third amended complaint. The third amended complaint must comply with Federal Rules of Civil Procedure 18 and 20 concerning joinder of claims and defendants, and if it does not then this action will be dismissed. It is noted that plaintiff knows that it is improper to join unrelated claims against different defendants in a single action. He was informed of these rules in a prior case in which he filed the same type of "buckshot" complaint filed here, which complaint was dismissed with leave to amend for improper joinder. *See Schoppe-Rico v. Littlemon*, No. C 09-0321 JSW(PR) (Order of Dismissal, Feb. 2, 2011). Plaintiff should not continue to file pleadings with improperly joined claims. If plaintiff chooses to file a third amended complaint in this case, and it suffers from improper joinder, this case will be dismissed without further opportunity to amend.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order (No. C 11-1089 WHA (PR)) and the words THIRD AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the prior pleadings, plaintiff may not incorporate material from the prior pleadings by reference but must include in the third amended complaint all the claims and allegations he wishes to present. *See*

4

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff also must comply with all orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. Plaintiff has filed a motion for an extension of time in which to file a motion for a preliminary injunction. There is no deadline for such a motion, so his motion (docket number 13) is **DENIED** as unnecessary.

4. The motion for appointment of counsel (docket number 11) is **DENIED** for the same reasons plaintiff's prior motion for appointment of counsel was denied. Plaintiff should not file any further motions for appointment of counsel. Should the circumstances of this case so warrant at a later date, this case will be referred for location of pro bono counsel.

**IT IS SO ORDERED.**

Dated: August   31  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\SCHOPPERICO1089.LTA2.wpd