IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. SCHOPPE-RICO,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT A. HOREL, et al.,<br><br>    Defendants.<br>_____ / | No. C 11-1089 YGR (PR)<br><br>**ORDER OF SERVICE OF DELIBERATE INDIFFERENCE CLAIM; DISMISSAL WITHOUT PREJUDICE OF REMAINING CLAIMS; AND REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM** |

**INTRODUCTION**

Plaintiff, a state prisoner currently incarcerated at Kern Valley State Prison, filed a civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement while he was housed at Pelican Bay State Prison ("PBSP") in 2007 and 2008. In an Order dated March 24, 2011, the Court dismissed the original complaint because it failed to allege where or when any of the sixteen named Defendants' alleged actions took place, where they were located, or how any of them participated in or caused a violation of his rights. (Mar. 24, 2011 Order at 2 (citing *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988)).) The Court further stated that Plaintiff alleged in conclusory fashion that "each defendant participated in these violations," but he alleged no specific actions by any individual defendant, let alone any actions that proximately caused a violation of his civil rights. (*Id.* at 3.) Therefore, the original complaint was dismissed with leave to amend to cure these deficiencies within thirty days. (*Id.*)

Subsequently, Plaintiff filed an amended complaint. He then also filed a second amended complaint ("SAC").

In an Order dated August 31, 2011, the Court reviewed Plaintiff's SAC pursuant to 28 U.S.C. § 1915A. However, the Court found that the SAC was still deficient, stating: "While the second amended complaint attempts to allege how the different defendants violated his constitutional rights, it also has expanded the number and scope of claims, as well as the number of defendants, so that it contains a substantial number of improperly joined claims." (Aug. 31, 2011 Order at 2-3.) Thus, the Court dismissed the SAC with leave to amend within thirty days, with

instructions to Plaintiff that he must file a third amended complaint ("TAC") that complies with Federal Rules of Civil Procedure 18 and 20 concerning joinder of claims and defendants. The Court provided Plaintiff with the pleading requirements as well as the relevant portions of Federal Rules of Civil Procedure 18 and 20. The Court further noted that Plaintiff "knows that it is improper to join unrelated claims against different defendants in a single action." (*Id.* at 4.) Specifically, the Court stated:

> [Plaintiff] was informed of these rules in a prior case in which he filed the same type of "buckshot" complaint filed here, which complaint was dismissed with leave to amend for improper joinder. *See Schoppe-Rico v. Littlemon*, No. C 09-0321 JSW (PR) (Order of Dismissal, Feb. 2, 2011). Plaintiff should not continue to file pleadings with improperly joined claims. If plaintiff chooses to file a third amended complaint in this case, and it suffers from improper joinder, this case will be dismissed without further opportunity to amend.

(*Id.*)

Plaintiff has since filed his TAC (Docket No. 17). The Court now reviews Plaintiff's TAC below.

## DISCUSSION

### I. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### II. Legal Claims

In reviewing Plaintiff's original complaint and his SAC, the Court noted as follows:

> The original complaint claimed that 16 different individual defendants acted with deliberate indifference to his safety, that they staged "gladiator-like" scenarios in which they ordered inmates to fight each other, joked about the potential for prison riots on racially integrated yards, failed to intervene in inmate fights, housed plaintiff in cruel conditions after riots broke out, and failed to provide him adequate medical care for his hand injuries. The second amended is greatly expanded in both the number and scope of claims. There are a total of 21

2

> causes of actions against 24 named defendants and additional unnamed defendants. In addition to the claims of deliberate indifference to safety, abuse, harassment and inadequate medical claims set forth in the original complaint, plaintiff has added claims of retaliation, interfering with his rights to provide legal assistance to other inmates, freedom of association, endangering him by requiring him to become an informant, placing him in administrative segregation without due process, depriving him of sufficient outdoor exercise, conspiracy, inadequate living conditions, racial discrimination, access to courts, and disciplining him without due process. Plaintiff alleges that the majority of these violations of his rights were carried out by different defendants on different occasions, and they clearly do not all arise out of the same transaction, occurrence or series of occurrences, nor do they involve a common question of law or fact.

(Aug. 31, 2011 Order at 3.)

Similarly, Plaintiff's TAC is excessively wordy, and it still fails to provide information regarding why his claims and the named Defendants are properly joined. The TAC does not contain as many causes of action as those in the SAC; however, the TAC names twenty-seven Defendants, including one unnamed Defendant labeled, "C/O Doe Jon." Finally, the TAC, like the previous complaints, is still overly lengthy[1] and sets forth the his claims in a wordy narrative, in egregious violation of Rule 8's requirement of a "short and plain statement" for relief. *See* Fed. R. Civ. P. 8.

As the Court previously notified Plaintiff, Federal Rule of Civil Procedure Rule 20 provides as follows:

> Multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; ***and*** any question of law or fact common to all defendants will arise in the action." [Fed. R. Civ. P.] 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Ibid.*

Fed. R. Civ. P. 20(a) (emphasis added). Further, Rule 21 provides that where parties are misjoined, they may be "dropped or added by order of the court . . . on such terms as are just." Fed. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

Here, as noted, Plaintiff has filed a total of three previous complaints: his original complaint; amended complaint; and SAC. His original complaint was dismissed with leave to

---

[1] The TAC and supporting exhibits are together over seventy pages long.

3

amend to link Defendants. His SAC (which was considered the operative complaint, instead of the amended complaint) was carefully reviewed by the Court, and it was determined that it suffered from the defect of setting forth many unrelated claims against many defendants. The claims included wide-ranging allegations of civil rights violations which took place at different times by different Defendants.

Upon reviewing the TAC, the Court finds that Plaintiff has once again filed a complaint involving many unrelated claims and Defendants. The claims in the TAC are, again, wide-ranging and include alleged violations of Plaintiff's rights at PBSP. Plaintiff has included many disparate claims arising out of distinct events at the prison from December 31, 2007 through January 18, 2008, including that Defendants were: deliberately indifferent to his safety, staged the aforementioned "gladiator-like" scenarios in which they ordered inmates to fight each other and start riots, failed to intervene in preventing inmate fights and riots, housed him in cruel conditions after riots broke out, and failed to provide him adequate medical care for his resulting injuries. While Plaintiff begins the TAC by listing a particular date of one of the "staged riots" -- "January 18th 2008" -- as the date of the alleged violations, he refers to another time frame in his "Factual Allegations" section by stating that he "witness[ed] a set of first series of staged gladiator riots take place on A-Facility at PBSP on 12-31-07 an[d] 1-1-08 . . . ." (Compl. at 3.) Plaintiff adds that "A-Facility staff excluding wardens and supervisors failed to intervene an[d] protect . . . ." (*Id.*) Those claims do not seem to arise out of the same transaction or occurrence, and do not have common questions of law or fact. Moreover, Plaintiff refers to a claim of deliberate indifference to his serious medical needs stemming from Defendants' failure to treat the "broken bone in [his] hand an[d] other injuries he sustain[ed] on 1-18-2008" as well as other later-sustained injuries, including:

> . . . loss [of] hearing in his left eardrum due to the blows, headaches, memory loss, etc. [sic] cause[d] due to the Defendants' stag[ing] and ordering these riots - Plaintiff still continues to experience dizziness, handcramps, discomfort an[d] hearing loss issues, due to the assault and other mental health issues as a foreseeable direct result. He is still threaten[ed], harrass[ed], taunted and intimidated and even harmed and his life endangered after the 1-18-2008 incident, like at the March 14, 2008 incident that later occured [sic].

(*Id.* at 14.) Such claims of deliberate indifference do not arise out of the same transaction or occurrence, and do not have common questions of law or fact.

4

In sum, the TAC contains the same joinder problem as Plaintiff's SAC. As mentioned above, Federal Rule of Civil Procedure 20(a)(2) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Plaintiff's claims in his TAC do not satisfy Rule 20(a)(2). The Court has already given Plaintiff two opportunities to amend his complaint to cure deficiencies, and he has failed to comply.

Dismissal of the entire action is not necessary, however, as the improper joinder problem can be solved by merely dismissing the improperly joined parties. *See* Fed. R. Civ. P. 21. Accordingly, the Court will only allow Plaintiff to proceed on his claim of deliberate indifference to his serious medical needs related to the alleged inadequate medical treatment to his hand injury on January 18, 2008 by Defendants Dr. B. Jain, Senior Registered Nurses S. Morrison and J. D. Phillips, Registered Nurse Short, and Licensed Vocational Nurse A. Maynes. However, the Court will dismiss all the other claims against the remaining Defendants as improperly joined. The dismissal will be without prejudice to Plaintiff asserting these claims in a new action for which he pays a separate filing fee.

In the deliberate indifference claim against Defendants Jain, Morrison, Phillips, Short, and Maynes, Plaintiff claims that these Defendants' actions of failing to treat his hand injury (stemming from a January 18, 2008 riot at PBSP) constituted deliberate indifference to his serious medical needs, in violation of his Eighth Amendment rights. Although Plaintiff's claim against these Defendants is scant on specifics and details, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Moreover, his claim appears to be enough to raise a right to relief above speculation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007); *see also Starr v. Baca*, 2011 WL 477094, *10 (9th Cir. 2011) (discussing the notice-pleading theory of Rule 8(a), and stating, "The theory of the federal rules is that once notice-giving pleadings have been served, the parties are to conduct discovery in order to learn more about the underlying facts."). Therefore, liberally construed,

5

Plaintiff has stated a cognizable claim for relief under the Eighth Amendment against Defendants Jain, Morrison, Phillips, Short, and Maynes.

### III. Pro Se Prisoner Settlement Program

The Northern District of California has established a Pro Se Prisoner Settlement Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Nandor Vadas.

Good cause appearing, the present case will be REFERRED to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program. The proceedings shall take place within **sixty (60) days** after the date of this Order; or as soon thereafter as is convenient to the magistrate judge's calendar. Magistrate Judge Vadas shall coordinate a time and date for a settlement proceeding with all interested parties and/or their representatives and, within **ten (10) days** after the conclusion of the settlement proceedings, file with the Court a report regarding the settlement proceedings.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's TAC states a cognizable Eighth Amendment claim of deliberate indifference to his serious medical needs against Defendants Jain, Morrison, Phillips, Short, and Maynes.

2. All of Plaintiff's other claims in his TAC against all the remaining Defendants are DISMISSED without prejudice for failure to satisfy the joinder requirements under Rule 20(a)(2).

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the TAC and all attachments thereto (Docket No. 17) and a copy of this Order to **Defendants Dr. B. Jain, Senior Registered Nurses S. Morrison and J. D. Phillips, Registered Nurse Short, and Licensed Vocational Nurse A. Maynes at PBSP.** The Clerk of the Court shall also mail a copy of the TAC and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and TAC. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5. Defendants shall answer the TAC in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

dismiss for failure to exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

  b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

  c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your TAC says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt*, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include:
(1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by

8

a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your TAC insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

9

10. This action has been referred to the Pro Se Prisoner Settlement Program. **The Clerk of the Court shall provide a copy of this Order to Magistrate Judge Vadas in Eureka, California.**

IT IS SO ORDERED.

DATED: July 23, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.11\Schoppe-Rico1089.serveMED&DISMothers.wpd    10